No. 32,699

G. Goodson Wright, *Appellant*, v. Christ Molz et al., *Appellees.*

(56 P. 2d 435)

Opinion filed April 11, 1936.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. J. Morris* and *John F. Eberhardt,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Burch, C. J.: The action was one for damages for personal injuries sustained by plaintiff when his automobile collided with a truck at the intersection of two city streets. The verdict and judgment were for defendant. Plaintiff filed a motion for a new trial, based on the ground of newly discovered evidence. The motion was denied, and plaintiff appeals.

The accident occurred on March 7, 1934. The abstract does not

show when the action was commenced. The trial was commenced on November 21, 1934, and the verdict was returned on November 22. The motion for new trial was filed within three days. When the motion was filed plaintiff had no newly discovered evidence.

The motion for new trial was heard and was denied on January 9, 1935. Three affidavits were offered at the hearing, in support of the motion. One was that of a witness discovered subsequent to December 1, 1934, and probably a month subsequent to the trial. Another affidavit was that of a witness who first talked to plaintiff on January 3, 1935. There was no showing with respect to when the third witness was discovered, but her affidavit was dated January 5, 1935.

The accident occurred at the intersection of First street and Main street, in the city of Newton. Plaintiff was rendered· unconscious by the collision and was not able to look for witnesses for several weeks. He testified concerning the time he then spent in preparing for trial.

.At the trial, plaintiff produced a witness, Marie Schrimsher, who saw the accident. She lived at 117 North Main street, the sixth building north of the street intersection, and on the west side of the street. At the hearing on the motion for a new trial, plaintiff produced the affidavit of a witness, Helen Kelly, who saw the accident. She lived at 117 North Main street, and was standing on the south porch of the house when the accident occurred. Where Marie Schrimsher was standing or sitting at the time of the accident is not disclosed.

At the hearing on the motion for a new trial plaintiff produced the affidavit of Harold Kelly. He lived at 117 North Main street, and testified he was entering the fire station at 119 North Main street when he heard the crash of the collision.

The third witness who made an affidavit, used at the hearing on the motion for a new trial, gave no account of himself. Where he lived or where he worked, or where he might have been found, was not disclosed. He said he was standing on the sidewalk when the accident occurred. There were sidewalks on both sides of both streets, north and south and east and west of the intersection. Where he stood and how it happened he was where he was, were not disclosed. For all that his affidavit revealed, he may have been an attendant at the filling station at the northwest corner of the intersection, or may have been an attendant at the filling station at

the southeast corner of the intersection. A man at a shoe repair shop at some undisclosed location heard him talking, and told plaintiff about it.

At the hearing on the motion for a new trial, plaintiff did not testify that he made any search for witnesses in the vicinity of the scene of the accident, where witnesses would likely be found, where he did find one witness before the trial, and where two other witnesses certainly might have been found, had diligent inquiry been made.

At the trial plaintiff gave the location of the vehicles before they entered the intersection, the rates of speed at which they were traveling, and their subsequent movements. Marie Schrimsher, as a witness for plaintiff, undertook to cover the same ground, but on cross-examination she wavered, and the net result of her testimony was not unfavorable to defendant. That closed plaintiff's case, so far as details of the accident were concerned.

The truck driver, who was a witness for defendant, gave the location of the vehicles just before the accident occurred, and their subsequent movements. He said that when he entered the intersection, plaintiff's automobile was 100 to 150 feet north of the north line of the intersection. Maxine Bourn, a witness for defendant, was on the east side of North Main street, in front of a church at the northeast corner of the intersection. She saw the accident. The truck entered the intersection first, and when about one third of the way across the intersection, plaintiff's automobile was opposite the first house north of the filling station on the northwest corner of the intersection. She described what had occurred, and her testimony, as abstracted, indicates it would likely be believed. That closed defendant's testimony, so far as details of the accident were concerned.

The affidavit of Helen Kelly, whose place of observation was at the fifth house north of the filling station at the northwest corner of the intersection, corroborated plaintiff's testimony, and was purely cumulative. The affidavit of the man on the sidewalk corroborated plaintiff's testimony, and was purely cumulative. His affidavit closed with a statement to which plaintiff successfully objected, when a witness for defendant was examined at the trial with respect to the same subject.

The affidavit of Frank Kelly, who was entering the fire station when the accident occurred, and then went down to the intersection,

gave some statements made by the truck driver after the accident. The truck driver said the accident happened so fast he hardly knew how it happened. He was probably driving faster than plaintiff, and it took considerable time to stop a truck, loaded as heavily as his truck was loaded. These statements did not conflict with any testimony of the truck driver appearing in the abstract, and were not of sufficient importance to require the granting of a new trial. even if plaintiff had been diligent in discovering that Kelly knew something about the case.

At the trial plaintiff produced a doctor as a witness. His direct examination is not abstracted, and but one question, propounded to him on redirect examination, and his answer, are abstracted. The question and answer follow:

"Q. Might it be possible for a person who has received a blow on the head to get a concussion of the brain, but immediately after that even to talk to somebody who talks to him, answer questions, for a few minutes? A. I can cite one case that received a blow on the head and came to the office and refused to be put to bed, and died before morning, that had been struck by a baseball at the side of the head."

The question and answer do not indicate the subject to which they related. Assuming the cross-examination of the doctor, which is abstracted, related to the subject of cerebral function after concussion, the doctor said the result which plaintiff sought to establish did not occur. The testimony is made the basis of an argument that the affidavits relating to details of the accident presented testimony of a different kind from the testimony relating to details of the accident given at the trial. The argument is unsound.

The duty of the court, under the statute and under the decisions of this court, when considering a motion for a new trial on the ground of newly discovered evidence, is well understood, and it is not necessary to print another disquisition on the subject. It is sufficient to say there is no basis for a contention that the district court abused its discretion in denying the motion for a new trial.

The judgment of the district court is affirmed.